STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. VIVIAN PEMBERTON, DEFENDANT-APPELLANT.

Argued May 18, 1964—Decided June 22, 1964.

*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, argued the cause for plaintiff-respondent (*Mr. Joseph C. Glavin, Jr.,* Assistant Prosecutor, of counsel and on the brief; *Mr. Brendan T. Byrne,* attorney).

*Mr. Maurice R. Strickland* argued the cause for defendant-appellant.

The opinion of the court was delivered

PER CURIAM. Defendant, Dolores Barnes, and Katherine Hardy were indicted for the felony-murder of Clarence Pfister, Jr. Hardy pleaded *non vult* and testified for the State. Defendant and Barnes were convicted of the crime as charged, with a recommendation of life imprisonment. Defendant appeals to this Court pursuant to *R. R.* 1:2–1(c).

Defendant advanced four grounds for a reversal: (1) denial of her motion for acquittal at the end of the State's case, (2) denial of her motion for a new trial upon the ground that the verdict was the result of mistake, (3) the verdict of the jury was against the weight of the evidence, and (4) the court erred in receiving her statement into evidence.

The evidence demonstrated that defendant and the two co-defendants were admitted prostitutes and users of heroin. They combined "to roll a drunk or pick a pocket or something" upon some undetermined victim. Hardy was armed with a knife. The deceased, who was intoxicated, encountered defendants on the street at about 4 A. M. They rejected his overtures to them toward their plying their trade. The defendants then began circling the deceased, patting him to determine if he had any money. The deceased slipped and fell. Hardy made a grab for his watch. When he regained his footing, he struck out, trying to fend off the three women. Hardy employed the knife, which she had in her hand, and

dealt a lethal blow to the deceased, who collapsed on the sidewalk. The girls walked away.

There was sufficient evidence at the end of the State's case to warrant the inference that defendant and the two codefendants intended and combined to commit robbery and that in the course of attempting to commit such a robbery the deceased was killed. The trial court properly charged the elements of the crime and the generally applicable law. The verdict at the close of the entire case was not against the weight of the evidence nor did it demonstrate that it was the result of mistake. Defendant's statement was properly admitted, its voluntary nature having been established.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.